UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ANDRE J. BROOKS, | No. 2:14-cv-0730 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JEFF MACOMBER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff names the (acting) warden of California State Prison-Sacramento (CSPS), Jeff Macomber, and the unidentified Facility B staff as defendants, alleging that he is being denied visits with his minor grandchildren, nieces and nephews due to a change in prison regulations regarding visitation with minors. The visits are being denied based on plaintiff's 1991 criminal conviction. Plaintiff also claims he was denied a 72-hour notice to prepare for the Initial Classification Committee (ICC) hearing regarding the visitation restriction. Plaintiff complains that the restriction is a form of punishment for "mainly sex offenses." Plaintiff seeks injunctive relief in the form of being allowed visits with his family members who are minors. ECF No. 1.

Title 15, Section 3173.1, of the California Code of Regulations is cited by plaintiff as the basis for the visitation limitation imposed upon him. Section 3173.1 imposes visiting restrictions on inmates arrested for or convicted of offenses involving minors, including sex offenses. Section 3173.1 (e) states that "[w]hen an inmate has been arrested, but not convicted, of any crime involving a minor victim included in this Section, a classification committee shall determine whether all visitation with a minor(s) is to be limited to non-contact status."

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To invoke the protection of the Due Process Clause, the existence of a liberty interest for which the protection is sought must first be established. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause does not itself confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Prisoners have no due process right to unfettered visitation. Kentucky Dept. of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Block v. Rutherford, 468 U.S. 576, 589 (1984) (holding that "the Constitution does not require that detainees be allowed contact visits when responsible,

experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility"); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (opinion amended on denial of rehg., 135 F.3d 1318 (9th Cir. 1998)) (no constitutional right of access to a particular visitor) (internal citation/quotation marks omitted); Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) ("it is well-settled that prisoners have no constitutional right while incarcerated to contact visits . . . ."); see also, Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994) (per curiam) (citing Toussaint v. McCarthy, 801 F.2d 1080, 1113-14 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987) (abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)) (ban on contact visits violates neither the prisoner's due process rights nor their rights under the Eighth Amendment).  Moreover, other than the acting warden, plaintiff fails to identify any individual defendant.  The court cannot serve a complaint on an unnamed party.

The complaint will be dismissed but plaintiff will be permitted an opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an

4

amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

<u>Request for Appointment of Counsel</u>

Finally, plaintiff has requested the appointment of counsel.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The complaint has been dismissed because it fails to state a claim.  Therefore, no likelihood of success on the merits in this case can be assessed in plaintiff's favor.  Moreover, unless and until an amended complaint setting forth colorable claims is before the court, the court cannot evaluate the level of complexity of the issues. The court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

5

1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

    4. Plaintiff's request for appointment of counsel (ECF No. 3) is denied.

DATED: September 11, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6