UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE J. BROOKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-0730 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's first amended complaint. ECF No. 10.

I. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>,

1

490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless.") (citation and internal quotations omitted)), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

II. First Amended Complaint

Plaintiff alleges that defendants Macomber, Holmes, Cantlay, and Mayfield violated his constitutional rights when they took away his ability to have minor visitors. ECF No. 10 at 3-4.

He alleges that on June 9, 2005, he was informed by defendant Holmes that because of a new regulation, 15 C.C.R. § 3173.1, he would no longer be allowed to have minor visitors. Id. at 4. Plaintiff alleges that defendant Holmes was the head of the committee that decided he would be prohibited from having minor visitors and that Holmes was the one responsible for the committee's decision. Id. He further alleges that defendants Cantlay and Mayfield were also members of the committee and that they simply went along with Holmes decision. Id. As warden, defendant Macomber oversees all staff and signs all committee decisions. Id. at 3. As a result of the decision to prohibit plaintiff from having minor visitors, his grandchildren are no longer allowed to visit. Id. Plaintiff claims that he was not given advance notice of the hearing and that he has never had an incident related to visitation during his twenty-four years of incarceration. Id. at 4. He requests that the court examine § 3173.1, passed in 2003, and grant him visitation with his grandchildren. Id. at 3.

III.  15 C.C.R. § 3173.1

Section 3173.1 of title 15 of the California Code of Regulations restricts visitation with minors for inmates convicted of certain crimes, mostly sex offenses. The original version of the regulation, which went into effect in 2003, provided that all visitation with any minor was prohibited when the inmate had been sentenced for specified crimes unless visitation was authorized by a juvenile court. Cal. Code Regs., tit. 15, § 3173.1 (2003). The victim of the crimes did not have to be a minor. Id. Where there was substantial evidence of certain types of misconduct, an inmate could be limited to non-contact visits or prohibited from any visits with minors regardless of whether there was a conviction. Id.

The regulation was substantially amended in December 2005. Cal. Code Regs., tit. 15, § 3173.1 (2005). After the amendment, visitation with minor victims of certain crimes was prohibited except as ordered by the juvenile court and for other crimes limited to non-contact visits. Cal. Code Regs., tit. 15, § 3173.1(a), (c) (2005). Visits with minors who were not victims was limited to non-contact visits, except as authorized by the Institution Classification Committee. Cal. Code Regs., tit. 15, § 3173.1(b), (d) (2005). If an inmate was arrested but not convicted of one of the crimes specified in the regulation, a classification committee was to

3

determine, on a case-by-case basis, whether visitation with minors should be limited to non-contact status. Cal. Code Regs., tit. 15, § 3173.1(e) (2005). The inmate's visitation status is to remain unrestricted until the classification committee has made its determination. Id. The current version of the regulation is largely the same as the 2005 version. See Cal. Code Regs., tit. 15, § 3173.1 (2015).

### III. Failure to State a Claim

Due to the brief nature of plaintiff's complaint, it is difficult to determine exactly what rights he claims have been violated. However, it appears that he may be attempting to allege claims for violation of his rights to due process, freedom of association, and equal protection.

#### A. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 484 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. (internal citations omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

There is no constitutional right to visitation for convicted prisoners. Overton v. Bazzetta, 539 U.S. 126, 136-37 (2003) (upholding prison regulations banning visitation privileges entirely for a two-year period for inmates with two substance abuse violations and regulating the conditions of visitation as not affecting constitutional rights that survive incarceration); Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989) (no liberty interest in "unfettered visitation" or visits with "a particular visitor"). "[A]n inmate's inability to visit with whom he wishes is an 'ordinary incident of prison life.'" Macedon v. California Dep't of Corr., 67 F.

1 | App'x 407, 408 (9th Cir. 2003) (citations omitted).

The United States Supreme Court has ruled that inmates do not have a constitutional right to contact visits and in so holding stated that the "rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." Block v. Rutherford, 468 U.S. 576, 586-88 (1984); see also Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) ("[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits.") (citations omitted); Toussaint v. McCarthy, 801 F.2d 1080, 1113 (9th Cir. 1986) (denial of contact visitation does not violate Eighth Amendment), abrogated in part on other grounds by Sandin, 515 U.S. 472. The Court also held that a complete ban on contact visits did not infringe on constitutional rights. Block, 468 U.S. at 588.

The complaint appears to allege that plaintiff is being denied any kind of visitation with all minors. ECF No. 10 at 4. However, the complaint also refers to the process for determining whether an inmate will be limited to non-contact visits, which indicates that plaintiff may be alleging that he has been denied contact visits with minors rather than all visitation. ECF No. 10 at 4. However, whether plaintiff is being permitted non-contact visits with minors or being denied visitation with minors all together is ultimately irrelevant. There is no constitutional right to contact visits nor is there a constitutional right to visits with a particular person or class of persons. While the court is sympathetic to plaintiff's desire to have visitation with his grandchildren, he is not being denied all visitation, only visitation with minors, and this is insufficient to state a claim for relief.[1]

B.    Freedom of Association

"An inmate does not retain rights inconsistent with proper incarceration. Overton, 539 U.S. at 131 (citing Jones v. North Carolina Prisoners Labor Union, Inc., 433 U.S. 119, 125 (1977); Shaw v. Murphy, 532 U.S. 223, 229 (2001)). "[F]reedom of association is among the rights least compatible with incarceration." Id. (citing Jones, 433 U.S. at 125-26; Hewitt v. Helms, 459 U.S. 460 (1983)). It is not necessary to determine the extent to which freedom of

---

[1] Based on the current state of the law, it is questionable whether plaintiff's constitutional rights would be violated even if he were being denied all visitation.

association survives incarceration if the regulation at issue bears a rational relationship to legitimate penological interests. See Overton, 539 U.S. at 132.

It has been established that there is a rational basis for § 3173.1, Shallowhorn v. Molina, 572 F. App'x 545, 547 (9th Cir. 2014), and both the original and current version of the regulation have been found to be reasonable under Turner,[2] Valdez v. Woodford, No. C 05-4443 SI (pr), 2007 WL 1848032, at *4-9, 2007 U.S. Dist. LEXIS 46525, at *12-27 (N.D. Cal. June 27, 2007) (original version of § 3173.1 reasonable under Turner); Vaden v. Dickenson, No. 2:10-cv-1676 KJN P, 2011 WL 2313043, at *2, 2011 U.S. Dist. LEXIS 61917, at *4-7 (E.D. Cal. June 9, 2011) (Turner analysis of original version of § 3173.1 applies equally to current version). Plaintiff therefore cannot state a claim for violation of his rights to free association and this claim must be dismissed.

C. Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, plaintiff can show "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). "Similarly situated" persons are those "who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992). The rationale is that "[w]hen those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being 'treated alike, under like circumstances and conditions.'" Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 602 (2008).

---

[2] Turner v. Safley, 482 U.S. 78 (1987).

6

Plaintiff may be attempting to assert an equal protection claim. In the complaint he states that § 3173.1 "targets that crime,[3] when visiting is a privilege for all inmate[s] of all kinds of crime." ECF No. 10 at 3. However, the Ninth Circuit has held that § 3173.1 does not violate the Equal Protection Clause because inmates who have committed certain crimes against minors do not constitute a protected class and "California had a rational basis for promulgating the regulation." Shallowhorn, 572 F. App'x at 547; see also United States v. Juvenile Male, 670 F.3d 999, 1009 (9th Cir. 2012) (sex offenders not a suspect or protected class) (citing United States v. LeMay, 260 F.3d 1018, 1030-31 (9th Cir. 2001)). Moreover, plaintiff does not allege that he was treated differently from similarly situated inmates, he alleges that he is being treated differently from inmates who have not committed the crimes specified in § 3173.1 and are therefore not similarly situated. Because plaintiff cannot state an equal protection claim, the claim should be dismissed.

IV.   No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Id. at 1105-06.

The undersigned finds that, as set forth above, plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Moreover, given the nature of the claims plaintiff is making, this court is persuaded that plaintiff is unable to allege any additional facts that would

---

[3] Based on the original complaint "that crime" likely refers to sex offenses. See ECF No. 1 at 3.

state a cognizable claim and therefore concludes that further amendment would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) (citing Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 725-26 (9th Cir. 2000)).

V. Summary

Plaintiff's due process claim should be dismissed because restrictions on visitation, like the denial of visitation with minors, are not unusual for someone in prison and therefore are not unconstitutional. The freedom of association claim should also be dismissed because prisoners do not have the same right as non-prisoners to spend time with the people they want to. Also, § 3173.1 has been found to be reasonable and therefore constitutional. To the extent plaintiff is attempting to make a claim that he is being treated unequally, this claim must also be dismissed because plaintiff has not alleged that he is part of a protected class or that he is being treated differently from other inmates who are in the same position as him. These claims should be dismissed without leave to amend because there are no facts that plaintiff could allege that would allow him to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 4, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE